IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 6:24-CR-03073-BCW-1 |
| SHAWN O. BELL, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Magistrate Judge David P. Rush's Report and Recommendations (Doc. #30) concerning Defendant's motion to dismiss the indictment pursuant to the Sixth Amendment (Doc. #20).

On December 7, 2022, Defendant was charged by a previous indictment in United States v. Shawn O. Bell, No. 6:22-CR-03151-BCW-1. On May 21, 2024, the Court dismissed the previous indictment without prejudice for violation of Defendant's rights under the Speedy Trial Act. On June 26, 2024, Defendant was reindicted in the above-captioned matter. (Doc. #1). On October 4, 2024, Defendant filed the instant motion to dismiss arguing the previous indictment should have been dismissed with prejudice under the Sixth Amendment. (Doc. #20).

The Court, after an independent review of the record and the applicable law, adopts the Magistrate's Report and Recommendations. Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendations be attached to and made part of this Order (Doc. #30). It is further

ORDERED Defendant's motion to dismiss (Doc. #20) is DENIED for the reasons stated in the Report and Recommendations.

IT IS SO ORDERED.

Dated: March 7, 2025                        /s/ Brian C. Wimes
                                                                            JUDGE BRIAN C. WIMES
                                                                            UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-03073-01-CR-S-BP |
| | ) | |
| SHAWN O. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATIONS**

Before the Court is Defendant's Motion to Dismiss. (Doc. 20.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. Defendant moves the Court to dismiss the above-styled indictment with prejudice, arguing that the previous indictment[1] against him should have been dismissed with prejudice, rather than without prejudice, pursuant to the Sixth Amendment to the United States Constitution and the Speedy Trial Act. The Government filed Suggestions in Opposition (doc. 24) to the Motion, and Defendant did not file any reply. Upon review, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

I. **Procedural History**

  a. **Case No. 22-03151, the previous indictment**

On December 7, 2022, Defendant was charged by indictment (the "previous indictment") as follows:

> On or about November 29, 2022, in Greene County, in the Western District of Missouri, the defendant, **SHAWN O. BELL**, knowingly and intentionally possessed with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

---
[1] *United States v. Shawn O. Bell*, No. 22-03151-01-CR-S-BCW.

(No. 22-03151, doc. 10.)

On February 22, 2024, Defendant moved to dismiss the previous indictment with prejudice, alleging his rights were violated under the Speedy Trial Act and the Sixth Amendment (the "previous motion to dismiss"). (No. 22-03151, doc. 58.) On March 14, 2024, the Government filed a response to the previous motion to dismiss, agreeing the previous indictment should be dismissed, but arguing the dismissal should be without prejudice. (No. 22-03151, doc. 63.) On April 4, 2024, Defendant filed a reply in support of the previous motion to dismiss. (No. 22-03151, doc. 66.) On April 22, 2024, the undersigned issued a report and recommendation, recommending the previous motion to dismiss be granted and the previous indictment be dismissed without prejudice. (No. 22-03151, doc. 67.) Neither party filed objections to the report and recommendation[2], and on May 21, 2024, the district judge entered an order adopting the report and recommendation, granting the previous motion to dismiss, and dismissing the previous indictment without prejudice. (No. 22-03151, doc. 68.)

### b. The reindictment

Just over one month later, on June 26, 2024, Defendant was reindicted (the "present indictment") as follows:

> On or about November 29, 2022, in Greene County, in the Western District of Missouri, the defendant, **SHAWN O. BELL**, knowingly and intentionally possessed with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

(Doc. 1.) On August 6, 2024, Defendant was arrested, and on August 8, 2024, he made his initial appearance. On August 13, 2024, Defendant appeared for arraignment and this action was set for

---
[2] Under Fed. R. Crim. P. 59(b)(2), a failure to file specific written objections to the proposed findings and recommendations of a magistrate judge results in waiver of a party's right to review.

trial on September 16, 2024. On August 16, 2024, Defendant moved for a continuance of the trial, which was granted, and the trial was continued to January 6, 2025. On October 4, 2024, Defendant filed the Motion to Dismiss at issue. On November 1, 2024, after one 14-day extension of time, the Government filed its Suggestions in Opposition. Accordingly, a reply brief, if any, was due on or before November 15, 2024. Defendant did not file a reply brief, so the matter was fully briefed as of November 16, 2024. Lastly, on December 5, 2024, Defendant moved for a second continuance of the trial, which was granted, and the trial was continued to February 10, 2025.

II. Discussion

    a. The law of the case doctrine

First, under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Parker*, 762 F.3d 801, 806 (8th Cir. 2014) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). "This principle applies to both appellate decisions and district court decisions that have not been appealed." *Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013). Also, district court orders dismissing an indictment without prejudice under the Speedy Trial Act and denying a defendant's Sixth Amendment speedy trial claim are not final decisions subject to appeal. *United States v. Holub*, 944 F.2d 441, 442 (8th Cir. 1991).

In the undersigned's view, the previous indictment and present indictment, which are identical, are part of the same overall prosecution. Furthermore, in its May 21, 2024, Order dismissing the previous indictment, the Court addressed and resolved the arguments raised by

3

Defendant in his Motion to Dismiss the present indictment. As a result, the "law of the case" doctrine applies, and any further challenge to the dismissal of the previous indictment without prejudice is premature. Should Defendant ultimately be convicted under the present indictment, he can then pursue his claims on direct appeal.

   b. **Reconsideration**

To the extent Defendant argues that the current prosecution is barred, the undersigned does not agree, as the Court gave careful consideration to Defendant's arguments and followed the law in rendering its decision to dismiss the previous indictment without prejudice.

Under the Speedy Trial Act ("STA"), a federal criminal defendant must "be brought to trial within seventy days of the filing of his indictment or his arraignment, whichever is later." *United States v. Flores-Lagonas*, 993 F.3d 550, 565 (8th Cir. 2021); 18 U.S.C. § 3161(c)(1). However, the STA allows a district court to exclude certain periods of delay from this time limit. 18 U.S.C. § 3161(h). If, after delay is properly excluded under the STA, more than 70 days have passed without a trial, the district court must dismiss the indictment on the defendant's motion. 18 U.S.C. § 3162(a)(2); *United States v. Herbst*, 666 F.3d 504, 509 (8th Cir. 2012). "Although dismissal upon a violation of the [STA] is mandatory, the [STA] grants the trial judge the discretion to dismiss the case with or without prejudice upon consideration of all of the factors listed by Congress in section 3162(a)(2)." *United States v. Blankenship*, 67 F.3d 673, 675 (8th Cir. 1995).

The Sixth Amendment also guarantees the right to a speedy trial to a criminal defendant. U.S. Const. amend. VI. Violation of a defendant's Sixth Amendment right to speedy trial requires a district court to dismiss a case *with* prejudice. *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021). Courts are to review "Sixth Amendment and Speedy Trial Act challenges for delay … independently of one another." *Id.* at 666 (cleaned up). To determine whether a defendant's Sixth

Amendment speedy trial right has been violated, courts balance four factors, known as the *Barker* factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant. *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

Here, the Court entered its Order dismissing the previous indictment without prejudice, adopting the findings of fact and conclusions of law set forth in the report and recommendation. (No. 22-03151, doc. 68.) Specifically, the Court found that "a violation of the [STA had] occurred as 107 non-excludable days [had] elapsed since Defendant's arraignment, more than the 70 days guaranteed to him under the [STA] to be brought to trial." (No. 22-03151, doc. 68-1 at 9.) As a result, dismissal of the previous indictment was mandatory under the STA. However, after carefully considering each of the factors listed in § 3162(a), the Court determined the dismissal should be without prejudice, under the discretion given by the STA. *Id*. at 9-11.

The Court also addressed Defendant's claim that his Sixth Amendment speedy trial right was violated. *Id*. at 12-15. The Court carefully considered each of the *Barker* factors and decided that Defendant's Sixth Amendment speedy trial right was not violated. *Id*. at 15. Specifically, the Court observed that Defendant failed to assert his right to a speedy trial prior to his previous motion to dismiss, and, importantly, suffered little to no prejudice due to the delay. *Id*. As a result, the Court dismissed the previous indictment based only on the STA violation, without prejudice, and the undersigned concludes that reconsideration is not warranted.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 2, 2025