IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:24-CR-03073-BCW-1 |
| SHAWN O. BELL, | ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court is Magistrate Judge David P. Rush's Report and Recommendations (Doc. #31) concerning Defendant's motion to suppress (Doc. #21).

On December 7, 2022, Defendant was charged by a previous indictment in <u>United States v. Shawn O. Bell</u>, No. 6:22-CR-03151-BCW-1. On February 13, 2024, the Court denied Defendant's motion to suppress in that matter. On May 21, 2024, the Court dismissed the previous indictment without prejudice for violation of Defendant's rights under the Speedy Trial Act. On June 26, 2024, Defendant was reindicted in this matter as part of the same overall prosecution. (Doc. #1). On October 4, 2024, Defendant filed the instant motion to suppress. (Doc. #21).

The Court, after an independent review of the record and the applicable law, adopts the Magistrate's Report and Recommendations. Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendations be attached to and made part of this Order (Doc. #31). It is further

ORDERED Defendant's motion to suppress (Doc. #21) is DENIED for the reasons stated in the Report and Recommendations.

IT IS SO ORDERED.

Dated: <u>March 7, 2025</u>   /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-03073-01-CR-S-BP |
| | ) | |
| SHAWN O. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATIONS

Before the Court is Defendant's Motion to Quash Search Warrant and Suppress Evidence on the Basis of an Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution (the "Motion to Suppress"). (Doc. 21.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to suppress evidence. Defendant moves the Court "to quash the state search warrants and suppress any and all evidence obtained as a result thereof, including any statements made subsequent to and in connection with said state search warrants." *Id*. at 1. Defendant challenges three state search warrants: the warrant to search Defendant's residence issued on November 16, 2022; and two cell site location information ("CLSI") warrants issued on November 15, 2022, and November 25, 2022. Defendant's basis is "the Constitutionally deficient probable cause statements in the affidavit in all warrants." *Id*.

The Government filed Suggestions in Opposition (doc. 25) to the Motion to Suppress, and Defendant did not file any reply. Upon review, it is **RECOMMENDED** that the Motion to Suppress be **DENIED**.

I.      **Procedural History**

   A.     **Case No. 22-03151, the previous indictment**

On December 7, 2022, Defendant was charged by indictment (the "previous indictment") as follows:

> On or about November 29, 2022, in Greene County, in the Western District of Missouri, the defendant, **SHAWN O. BELL**, knowingly and intentionally possessed with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

(No. 22-03151, doc. 10.)

On March 20, 2023, Defendant filed a Motion to Quash Search Warrant and Suppress Evidence on the Basis of an Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution (the "previous motion to suppress"). (No. 22-03151, doc. 24.) On December 15, 2023, after the previous motion to suppress was fully briefed and an evidentiary hearing was conducted, the undersigned issued a report and recommendation, recommending the previous motion to suppress be denied. (No. 22-03151, doc. 54.) Neither party filed objections to the report and recommendation[1], and on February 13, 2024, the district judge entered an order adopting the report and recommendation and denying the previous motion to suppress. (No. 22-03151, doc. 55.)

Thereafter, on May 21, 2024, on Defendant's motion, the district judge entered an order dismissing the previous indictment without prejudice based on a violation of Defendant's rights under the Speedy Trial Act. (No. 22-03151, doc. 68.)

---
[1] Under Fed. R. Crim. P. 59(b)(2), a failure to file specific written objections to the proposed findings and recommendations of a magistrate judge results in waiver of a party's right to review.
2

### B. The reindictment

Just over one month later, on June 26, 2024, a grand jury reindicted Defendant (the "present indictment") as follows:

> On or about November 29, 2022, in Greene County, in the Western District of Missouri, the defendant, **SHAWN O. BELL**, knowingly and intentionally possessed with intent to distribute, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

(Doc. 1.) On August 6, 2024, Defendant was arrested, and on August 8, 2024, he made his initial appearance. On August 13, 2024, Defendant appeared for arraignment and this action was set for trial on September 16, 2024. On August 16, 2024, Defendant moved for a continuance of the trial, which was granted, and the trial was continued to January 6, 2025. On October 4, 2024, Defendant filed the Motion to Suppress at issue. Lastly, on December 5, 2024, Defendant moved for a second continuance of the trial, which was granted, and the trial was continued to February 10, 2025.

### II. Discussion

Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Parker*, 762 F.3d 801, 806 (8th Cir. 2014) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). "This principle applies to both appellate decisions and district court decisions that have not been appealed." *Alexander v. Jensen-Carter*, 711 F.3d 905, 909 (8th Cir. 2013).

3

Case 6:24-cr-03073-BCW    Document 36    Filed 03/07/25    Page 4 of 6

Furthermore, as cited by the Government, the Eighth Circuit Court of Appeals has provided relevant guidance in *United States v. Summage*. 575 F.3d 864 (8th Cir. 2009). In *Summage*, the defendant filed a motion to suppress evidence that was granted by the district court. *Id*. at 870. The Eighth Circuit, however, reversed the district court's decision and remanded the case for further proceedings. *Id*. The defendant then filed a motion to dismiss the indictment under the Speedy Trial Act, which the district court granted, and the indictment was dismissed without prejudice. *Id*. The defendant was subsequently reindicted on substantially similar charges, and he filed a second motion to suppress, which was denied by the district court. *Id*. Next, the defendant proceeded to trial, where he was found guilty on all counts. *Id*. at 871. The defendant then appealed his conviction, arguing the district court erred in denying his motion to suppress and the first indictment should have been dismissed with prejudice. *Id*.

On appeal, the Eighth Circuit reviewed the denial of the second motion to suppress and found that the defendant had renewed several arguments from his first motion to suppress. *Id*. The Eighth Circuit then held that because they had resolved those issues in the previous appeal, they would not review those issues again. *Id*. ("Because we resolved all of those issues in Summage's previous appeal, *see Summage I,* 481 F.3d at 1077–80, we will not review any of them now, *see United States v. Stuart,* 689 F.2d 759, 762 (8th Cir.1982) ("This is a classic case of a litigant impermissibly attempting to relitigate the same claim ... in violation of well-established principles of res judicata....").")

Here, the "law of the case" doctrine applies. First, the previous indictment and present indictment, which are identical, are part of the same overall prosecution. Also, the Motion to Suppress at issue (doc. 21) is identical to Defendant's previous motion to suppress (No. 22-03151, doc. 24), as both motions use the same exact language to raise the same exact arguments.

Therefore, the Court has already resolved the exact issues that are being raised a second time by Defendant in the Motion to Suppress at issue, and the Court should not review them again. As a result, the Court's February 13, 2024, Order denying the previous motion to suppress stands as the law of the case, the present Motion to Suppress should be denied. Should Defendant ultimately be convicted under the reindictment, he can then further pursue any claims on direct appeal.

### III. Conclusion

Based on the foregoing, it is **RECOMMENDED** that Defendant's Motion to Quash Search Warrant and Suppress Evidence on the Basis of an Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution (doc. 21) be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: January 2, 2025